■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE FITZGERALD, Appellant. [620 NYS2d 553] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 2, 1992, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant's conviction arises out of a May 1991 riot at Southport Correctional Facility in Chemung County where he was an inmate. Subsequent to an investigation conducted by the State, it was alleged that defendant possessed a sharpened metal rod measuring approximately eight inches in length and that he held it to the rib cage of Correction Officer Kemberly Burgett.

On August 10, 1992, defendant, represented by counsel, entered a plea of guilty to attempted promoting prison contraband in the first degree. On September 28, 1992, he made a motion to withdraw the plea and go to trial on the original charge, claiming that his attorney had "railroaded him". On October 2, 1992, the motion to withdraw the plea was denied by County Court and defendant was sentenced. Defendant contends, inter alia, that County Court erred in refusing to allow him to withdraw his plea.

A review of the record clearly indicates that County Court conducted a sufficient inquiry to ascertain the voluntariness of defendant's guilty plea. Defendant was represented by counsel, he understood the crime to which he was admitting and, in fact, did so in a most brazen manner. While defendant contended at the beginning of the allocution that he did not recall the riot or any other information concerning the day in question, he later admitted that although he might not have known what precipitated the incident, he did possess the weapon. He thereafter described the weapon in detail and testified that he secreted it in the area of his groin. During the allocution, defendant further testified that he knew that possession of such instrument was against prison rules, admitting his familiarity with the prison system since this was not his "first time upstate". Hence, we find that defendant was

clearly aware of the circumstances of his admission of guilt and that County Court confirmed that he understood the consequences of his plea (see, People v Cummings, 194 AD2d 994, lv denied 82 NY2d 752; People v Gomez, 174 AD2d 949, lv denied 79 NY2d 827; People v Franco, 145 AD2d 837; People v Lattmen, 101 AD2d 662).

We further find no merit in defendant's contention that County Court was required to hold a hearing (see, People v McClain, 32 NY2d 697). Defendant never asserted his innocence of the crime to which he had pleaded guilty. We find that County Court, having questioned defendant concerning his desire to withdraw his plea after reviewing the minutes of the plea allocution, correctly determined that no hearing was necessary (see, People v Fiumefreddo, 82 NY2d 536).

We find defendant's remaining contentions to be without merit.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.