■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PEREZ, Appellant. [633 NYS2d 656] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered September 11, 1992, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant's conviction arises out of a May 1991 riot at Southport Correctional Facility in Chemung County where he was an inmate. Defendant was indicted and charged with two counts of assault in the second degree and one count of promoting prison contraband in the first degree for stabbing a correction officer in the chest and back with a sharpened metal rod. Defendant ultimately pleaded guilty to one count of assault in the second degree in full satisfaction of the indictment. He was sentenced as a second felony offender to $3^1/_2$ to 7 years in prison, to be served consecutively with the sentence defendant was currently serving. This appeal followed.

Initially, we find that insofar as defendant failed to move to withdraw his plea or vacate the judgment of conviction, he may not challenge the adequacy of his plea on this appeal (*see*, *People v Piazza*, 214 AD2d 895). Were we to consider the merits of defendant's arguments, we would find that defendant's plea was knowing and voluntary and that he was fully apprised of the consequences thereof. Although defendant did state after he was sentenced that he pleaded as he did because he was afraid he could not get a fair trial, we note that he admitted stabbing the correction officer at the plea allocution after a thorough inquiry by County Court. Finally, we reject defendant's claim that his sentence was harsh and excessive because he received the harshest permissible sentence as a second felony offender. Defendant received a substantial benefit by pleading as he did in satisfaction of a multicount indictment (*see*, *People v Van Buren*, 212 AD2d 917, *lv denied* 85 NY2d 915) and by avoiding persistent felony offender treatment.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.