(March 21, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BAKER, Appellant. [639 NYS2d 866] —Spain, J.

On December 3, 1993, defendant was charged in a 10-count indictment with various felonies including, *inter alia*, attempted murder in the second degree, robbery in the first degree and criminal possession of a weapon in the fourth degree for attacking and robbing individuals outside of two different grocery stores in the City of Albany on November 10 and 11, 1993. Defendant ultimately pleaded guilty to the second count in the indictment charging robbery in the first degree in satisfaction of the entire indictment and he also agreed to waive his right to appeal. At his sentencing, defendant moved to withdraw his plea of guilty and County Court denied this motion. Defendant was then sentenced to 8 to 24 years in prison.

On this appeal, defendant contends that County Court erred in denying his motion to withdraw his guilty plea without a hearing. We disagree. Although defendant complained that he

was "pushed into" pleading guilty by his attorney, our review of the record reveals that defendant indicated to County Court that he was satisfied with his attorney's services and that he had sufficiently discussed the implications of the plea with him (*see, People v Ross*, 216 AD2d 605, *lv denied* 86 NY2d 801). Further, the transcript of the plea allocution establishes that defendant knowingly and voluntarily entered a plea of guilty and waived his right to appeal after a thorough inquiry by County Court, during the course of which defendant admitted his guilt to the elements of the charged crime of robbery in the first degree (*see, People v Fitzgerald*, 210 AD2d 740).

Finally, to the extent that any of defendant's remaining arguments may be preserved for appellate review, we find them to be lacking in merit. We reject defendant's contention that his negotiated sentence was unduly harsh or excessive and should be reduced in the interest of justice. Although it is true that defendant has no prior felony convictions, the sentence imposed was not the harshest available and defendant received a substantial benefit by being allowed to plead as he did in satisfaction of a multicount indictment alleging a number of heinous and predatory acts by defendant (*see, People v Perez*, 221 AD2d 725; *People v Van Buren*, 212 AD2d 917, *lv denied* 85 NY2d 915).

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.