(May 9, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE TORRES, Also Known as HENRY TORRES, Appellant. [642 NYS2d 95] —White, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered December 22, 1993, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

In May 1993, defendant, a permanent resident alien, was indicted on charges of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree (three counts) as a result of defendant's repeated sales of cocaine to undercover police officers. A trial was scheduled but, prior to jury selection, defendant, assisted by counsel, indicated to County Court that he wished to plead guilty to criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree in satisfaction of the indictment. Defendant subsequently entered a plea of guilty to these charges and also waived his right to appeal. However, he later made a motion to withdraw this plea. Defendant principally claimed in his motion that he agreed to plead guilty under the mistaken belief that he would not be deported following the completion of his sentence. Specifically, he claimed, *inter alia*, that he had been the target of coercive "psychological and scary legal tricks

and terrorization by the District Attorney's Office". County Court denied defendant's motion and defendant now appeals.

We affirm. Initially, we find no abuse of discretion in County Court's determination denying defendant's motion to withdraw his guilty plea. There is no support in the record for defendant's claim that his guilty plea was not knowingly and voluntarily made (*see, People v Slack*, 177 AD2d 754, 755, *lv denied* 79 NY2d 953). Despite defendant's unsubstantiated claims of coercion and deceptive tactics, the plea minutes make it absolutely clear that defendant's immigration status was not a condition of the plea that defendant was entering. Moreover, even if, as defendant alleges, he was not advised prior to the entry of his plea of the possibility of deportation, the validity of his plea is not affected (*see, People v Ford*, 86 NY2d 397, 401-403). Finally, we have examined defendant's argument in his *pro se* brief that he was denied the effective assistance of counsel and conclude that he was afforded meaningful representation since he received an advantageous plea and nothing in the record casts doubt on the effectiveness of his counsel's representation (*see, supra*, at 404).

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.