■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MANN, Appellant. [645 NYS2d 127] —Peters, J.

On March 10, 1995, an undercover police investigator purchased an aluminum packet of cocaine from an individual he identified as defendant. Defendant was later arrested and charged in a two-count indictment with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Defendant ultimately pleaded guilty to the first count in the indictment charging criminal sale of a controlled substance in the third degree in satisfaction of the indictment and he agreed to waive his right to appeal. Prior to his sentencing, defendant made a written motion to withdraw his plea of guilty. County Court denied this motion and eventually sentenced defendant to 5 to 10 years in prison as a second felony offender. This appeal followed.

Defendant's sole contention on appeal is his claim that County Court erred in denying his motion to withdraw his guilty plea without a hearing. We disagree. "Our review of the plea allocution indicates that the guilty plea was knowingly, intelligently and voluntarily made without any protestations of innocence and that defendant understood that he was waiving any defenses he might have had to the charges against him" (*People v Tillinghast,* 208 AD2d 1030, *lv denied* 84 NY2d 1016). Under these circumstances, defendant's post-plea assertion of innocence based on an alibi defense and the issue of identification does not vitiate his plea (*see, supra; see also, People v Baker,* 225 AD2d 949). Accordingly, we will not disturb County Court's exercise of its discretion.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.