mously affirmed. Memorandum: County Court did not abuse its discretion in sentencing defendant upon his conviction of violation of probation without requiring an updated presentence investigation report (*see, People v Reaves,* 216 AD2d 945, *lv denied* 86 NY2d 801; *People v Shattuck,* 214 AD2d 1026, *lv denied* 86 NY2d 740). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, Drury, J.—Violation of Probation.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY R. NEWMAN, Appellant. (Appeal No. 1.) [648 NYS2d 62] —Judgment unanimously affirmed. Memorandum: Defendant appeals from two judgments convicting him, upon his guilty pleas, of sexual abuse in the first degree and robbery in the third degree. Contrary to defendant's contention, the record demonstrates that County Court did not deny the motion of defendant to withdraw his guilty pleas, but rather, defendant withdrew his motion before the court had ruled on it. Because defendant withdrew his motion to withdraw the pleas and did not move to vacate the judgments of conviction, he failed to preserve for our review his contention that the pleas were coerced (*see,* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665; *People v Ryan,* 191 AD2d 814). In any event, defendant's fear that a harsher sentence would be imposed if defendant were convicted after trial does not constitute coercion (*see, People v Ryan, supra; People v Mackey,* 175 AD2d 346, 349, *lv denied* 78 NY2d 969). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY R. NEWMAN, Appellant. (Appeal No. 2.) [648 NYS2d 396] —Judgment unanimously affirmed. Same Memorandum as in *People v Newman* (231 AD2d 875 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.

■ PATRICK A. POMENTO, Appellant, v CITY OF ROME, Respondent. [647 NYS2d 604] —Order unanimously affirmed without costs. Memorandum: On February 27, 1992, at about 2:40 A.M., plaintiff entered a restaurant in Rome. According to Susan Sterling, a waitress at the restaurant, he appeared to be intoxicated. Plaintiff became loud and boisterous and Sterling finally called the police to request that they remove plaintiff from the premises. Upon their arrival, Officers Simons and Ia-