■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE HUDSON, Appellant. [655 NYS2d 142] —Mercure, J. Appeal from a judgment of the County Court of Clinton County

(McGill, J.), rendered March 22, 1996, convicting defendant upon his plea of guilty of the crime of attempted perjury in the first degree.

Defendant was charged with the crime of perjury in the first degree based on testimony he gave as a prosecution witness in a criminal trial wherein he denied being present during a controlled substance sale. Thereafter, he entered into a plea bargain according to the terms of which he was to be sentenced as a second felony offender to a prison term of 1 1/2 to 3 years to be served consecutive to the sentence he was presently serving. Prior to sentencing, defendant moved, both *pro se* and through appointed counsel, to withdraw his plea of guilty. Denying the motions without a hearing, County Court sentenced defendant in accordance with the plea bargain.

In our view, County Court did not abuse its discretion by summarily denying defendant's motions for withdrawal of his plea of guilty (*see,* CPL 220.60 [3]; *see also, People v Tillinghast,* 208 AD2d 1030, *lv denied* 84 NY2d 1016; *People v Burke,* 197 AD2d 731). A review of the plea allocution reveals that defendant was fully informed both of the rights he was giving up by pleading guilty and the consequences of entering such a plea (*see, People v Fitzgerald,* 210 AD2d 740, 740-741). Defendant made no protestation of innocence during the plea colloquy and indicated that he had no questions about the consequences of his guilty plea. Furthermore, defendant received an advantageous plea (*see, People v Brown,* 235 AD2d 563) and the record is devoid of any evidence casting doubt on defense counsel's effectiveness (*see, People v Torres,* 227 AD2d 716, 717, *lv denied* 88 NY2d 995; *People v Harrison,* 212 AD2d 908, *lv denied* 85 NY2d 973). Under these circumstances, defendant's conclusory claims of innocence, coercion and ineffective assistance of counsel, without basis in the record, presented County Court with an issue of credibility which it could properly resolve against him (*see, People v Dixon,* 29 NY2d 55; *People v Lynch,* 156 AD2d 884, 885, *lv denied* 75 NY2d 921).

Defendant's argument that County Court improperly sentenced him as a second felony offender without conducting a hearing to determine the veracity of his denial of a prior felony conviction must also fail; there were numerous references to defendant's criminal history in the plea negotiations, the People submitted evidence that defendant had previously been sentenced as a predicate felon (*see,* CPL 400.21 [8]) and defendant made only a vague assertion that he had not previously been so convicted (*see, People v Quattlebaum,* 229 AD2d 729; *People v West,* 181 AD2d 945; *cf., People v Zeoli,* 212 AD2d 935, *lv denied* 85 NY2d 916).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur.
Ordered that the judgment is affirmed.