(April 24, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TIMOTHY DUMPSON, Respondent. [656 NYS2d 515] —Mikoll, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 13, 1995, convicting defendant upon his plea of guilty of three counts of the crime of assault in the second degree.

While an inmate at Shawangunk Correctional Facility in Ulster County, defendant was involved in a physical confrontation with correction officers who were attempting to forcibly extricate defendant from his cell. As a result of this confrontation, three correction officers were seriously injured and defendant was charged in an indictment with, *inter alia*, three counts of assault in the second degree. During the course of trial, defendant pleaded guilty to the assault charges in full satisfaction of the indictment and in exchange for a sentence of two consecutive and one concurrent terms of $3^1/2$ to 7 years in prison. Prior to sentencing, however, defendant moved to withdraw his guilty plea. County Court denied the motion and proceeded to sentence defendant pursuant to the plea agreement. Defendant appeals.

Defendant argues that his guilty plea was coerced by the circumstances surrounding the trial and that County Court erred in denying his motion to withdraw it. The circumstances which defendant relies upon in support of his claim include, *inter alia*, the fact that he was shackled during the trial, that he was denied the right to photograph the area of the facility where the incident took place, that he was not provided with a copy of the videotape of the incident prior to trial and that County Court waited until the day of jury selection to rule upon his omnibus motion which for the most part it denied. Defendant claims that these circumstances amounted to duress prompting him to enter a plea of guilty rather than undergo what he perceived to be an unfair trial.

Based upon our review of the record, we find no abuse of discretion in County Court's denial of defendant's motion to withdraw his guilty plea (*see, People v Torres*, 227 AD2d 716, *lv denied* 88 NY2d 995, 996; *People v Morris*, 185 AD2d 488, 489). The minutes of the plea allocution disclose that defendant was fully informed of the ramifications of pleading guilty. He indicated that he understood the consequences of his plea, that his attorney had answered all of his questions and he was satisfied with his attorney's services, and that he voluntarily chose to plead guilty without being forced by anyone. Defendant then admitted that he assaulted the officers during the incident in question. Under these circumstances, we find that defendant's guilty plea was voluntarily, knowingly and intelligently entered (*see, People v Mann*, 228 AD2d 986, *lv denied* 88 NY2d 989; *People v Torres, supra*; *People v Baker*, 225 AD2d 949, *lv denied* 88 NY2d 844; *People v Reeves*, 199 AD2d 566; *People v Hayes*, 194 AD2d 998; *People v Lynch*, 156 AD2d 884, *lv denied* 75 NY2d 921). Defendant's perception that the trial was unfair and the decision to plead guilty as a result does not constitute coercion which vitiates his plea (*see, e.g., People v Newman*, 231 AD2d 875; *People v Torres, supra*). We have considered the contentions raised by defendant in his *pro se* supplemental brief and find them to be without merit.

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.