■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FELICIANO, Appellant. [662 NYS2d 150] —Casey, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered June 14, 1996, convicting defendant upon his plea of guilty of the crime of conspiracy in the fourth degree.

Defendant pleaded guilty to the second count of a two-count indictment charging him with conspiracy in the fourth degree. Defendant agreed to plead guilty with the express understanding that the People's motion to dismiss the first count of the indictment charging him with criminal sale of a controlled substance in the third degree would be granted pending County Court's review of the presentence report and upon final acceptance of the plea. Prior to sentencing, defendant moved *pro se* to withdraw his guilty plea on the grounds that he was innocent and had been coerced into pleading guilty. County Court denied the motion without a hearing and sentenced defendant according to the terms of the plea agreement. Defendant now appeals.

Initially, we reject defendant's claims that his guilty plea was not entered into knowingly or intelligently and that County Court erred in denying his motion to withdraw the plea without a hearing. The plea allocution reveals that the court fully advised defendant of his right to a trial and the ramifications and consequences of a plea (*see, People v Hudson*, 237 AD2d 759). Defendant acknowledged that he understood his rights and that he wished to plead guilty of his own free will which, he claimed, was uncompromised by threats or promises. Defendant did not protest his innocence, but admitted his guilt to the conspiracy charge (*see, id.; People v Baker*, 225 AD2d 949, 950, *lv denied* 88 NY2d 844). In our view, the record demonstrates sufficiently that defendant understood the nature of the charge and entered the guilty plea knowingly, intelligently and voluntarily (*see, People v Fiumefreddo*, 82 NY2d 536, 546-547). Moreover, in light of the fact that defendant and his counsel were afforded an opportunity to address County Court on the withdrawal application, we find that no error resulted from the absence of an evidentiary hearing on defendant's conclusory allegations of coercion and innocence to the crime to which he pleaded guilty (*see,* CPL 220.60 [3]; *People v Evans*, 193 AD2d 960, 961; *People v Stone*, 193 AD2d 838, 839; *People v Wilmer*, 191 AD2d 850, 851, *lv denied* 81 NY2d 1022).

We also decline to vacate the plea on the basis of the legal assistance rendered to defendant. We find nothing in this record which would cast doubt on the apparent effectiveness of defendant's counsel, especially in view of the advantageous plea negotiated on his behalf (*see, People v Torres*, 227 AD2d 716, 717, *lv denied* 88 NY2d 995).

Finally, defendant argues that the plea should be vacated because County Court did not keep its promise to dismiss the first count of the indictment after final acceptance of his plea. Although not preserved for our review, we have considered the issue in the interest of justice and find that the record establishes that defendant's plea was conditioned upon County Court granting the People's motion to dismiss the first count of the indictment upon final acceptance of the plea agreement and that, should the motion be denied, defendant would be allowed to withdraw his plea. Upon final acceptance of the plea agreement, however, County Court failed to resolve the motion. Cognizant of the well-settled principle that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122), we decline to vacate the plea but remit the matter to County Court to comply with the plea agreement by either granting the People's motion to dismiss the first count of the indictment or allowing defendant to withdraw his plea.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is withheld and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.