THIRD DEPARTMENT, MARCH, 2000

(March 2, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARMEL ANDERSON, Also Known as JARMEL ANDERSON-FIALKOW, Appellant. [704 NYS2d 324] —Cardona, P. J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 1, 1998, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant was charged with multiple crimes, including three counts of robbery in the first degree, following an incident in which he and a codefendant allegedly took certain jewelry forcibly from a young male on January 12, 1997. Defendant rejected the prosecution's initial offer of an eight-year definite sentence in return for his plea of guilty to one of the robbery

counts. Following jury selection, further negotiations resulted in defendant's acceptance of the prosecution's second plea offer. As a result, defendant pleaded guilty to the crime of robbery in the first degree in exchange for the promise of a 10-year definite sentence. At sentencing, defendant moved to withdraw his plea claiming, *inter alia*, that he was coerced into entering it. County Court denied the motion without a hearing resulting in this appeal.

Initially, we find no merit to defendant's claim that County Court erred in denying his withdrawal motion without a hearing. The question of whether to grant such a motion rests in the discretion of the trial court and, generally, a plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake (*see, People v Davis*, 250 AD2d 939, 940). Hearings are not mandated in every case and a protestation of innocence unsupported by any evidence is insufficient to warrant withdrawal of the plea (*see, id.*). Here, defendant's assertion that he had a meritorious defense was unsupported by any evidence and contrary to his admission during the plea allocution. Therefore, a hearing was not required.

As to defendant's claim of coercion, the mere fact that he was given a short period of time within which to accept or reject the plea offer does not amount to coercion (*see, People v Lesame*, 239 AD2d 801, *lv denied* 90 NY2d 941). Likewise, the prosecutor's reference to defendant's attempt to bribe two witnesses as a reason for the 10-year prison term instead of the eight-year term does not, in our view, establish that he was coerced into entering the plea. The prosecutor is free to set forth the terms under which a plea offer may be accepted (*see, People v Eaddy*, 200 AD2d 896, 897, *lv denied* 83 NY2d 852) "and there is nothing coercive in leaving with the defendant the option to accept or reject a bargain if one is offered" (*People v Seaberg*, 74 NY2d 1, 8-9). Furthermore, the transcript of the plea proceeding reveals that defendant's plea was knowing, voluntary and intelligent and there is nothing in this record which casts doubt on counsel's effectiveness. Given defendant's conclusory allegations of innocence, coercion and ineffective assistance of counsel (*see, People v Feliciano*, 242 AD2d 787; *People v Hudson*, 237 AD2d 759, 760, *lv denied* 90 NY2d 1012), we find no error in County Court's denial of the withdrawal motion.

Defendant's contention that the sentence should be reduced to an eight-year prison term is similarly unavailing. Having rejected the initial plea offer of an eight-year term, defendant had no right to specific performance of that offer (*see, People v*

*Hamilton*, 192 AD2d 738, 740). Defendant has a lengthy criminal record and was sentenced in accordance with the plea agreement to less than the harshest possible sentence. In view of this, as well as defendant's lack of reliance on the initial offer and his knowing, voluntary and intelligent guilty plea, we find no reason to disturb the sentence (*see, People v Simmons*, 190 AD2d 911, 912).

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.