■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE R. LINDSEY, Appellant. [728 NYS2d 201] —Mercure, J. P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 14, 2000, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Claiming that his guilty plea was a product of duress, defendant contends that County Court erred in denying his motion to withdraw his plea without appointing new counsel. According to defendant, the duress arose out of his dissatisfaction with defense counsel. The record discloses that, on several occasions, defendant complained to the court about defense counsel's failure to meet with defendant to explain the details of the plea negotiations. The record also reveals, however, that defense counsel thereafter did in fact meet with defendant for a considerable period of time on the day before defendant entered his guilty plea and fully explained the details of the plea bargain offer. In addition, immediately prior to the plea, defendant and two of his friends who were in court met with defense counsel for half an hour to discuss the plea bargain.

During the plea allocution, defendant acknowledged that he understood the nature and effect of the plea and that the only promise was one regarding the sentence. He also acknowledged that he had not been forced, threatened or coerced into pleading guilty. Finally, he freely admitted that he had engaged in the specific conduct that constituted the crime of burglary in the second degree. In these circumstances, there is no basis to disturb County Court's denial of defendant's request to withdraw the plea based on conclusory claims of duress, innocence and ineffective assistance of counsel that have no support in the record (see, People v Anderson [Anderson-Fialkow], 270 AD2d 509, lvs denied 95 NY2d 792, 793; People v Hudson, 237 AD2d 759, lv denied 90 NY2d 1012). The record on this direct appeal discloses that defense counsel provided meaningful representation and negotiated a favorable plea bargain and that defendant knowingly and voluntarily entered his plea after having an ample opportunity to discuss and consider the plea bargain. The plea allocution contains nothing that casts any doubt on either defendant's guilt or the voluntariness of his plea.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.