■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON M. KINCH, Appellant. [768 NYS2d 674]—Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 15, 2002, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the second degree.

Defendant pleaded guilty to the crime of reckless endangerment in the second degree. This plea was entered with the understanding that County Court would place defendant on interim probation for one year. After the successful completion of that term of interim probation, he would be guaranteed youthful offender status and be sentenced to three years probation. He was informed that if he did not successfully complete his term of interim probation, the court could sentence him to up to one year in jail as a nonyouthful offender. After accepting defendant's plea, the court ordered a presentence report and adjourned the matter for sentencing. Before the date set for sentencing, the probation department advised the court that defendant had violated terms of his release. The court issued a bench warrant and defendant was held until the scheduled sentencing date. At that time, the court declined to adjudicate defendant as a youthful offender and sentenced him to 60 days in jail and three years' probation.

Defense counsel now seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. We disagree. Our review of the record reveals the existence of potential issues of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]). For instance, it appears that County Court released defendant pending sentencing on conditions, but failed to administer warnings explaining the consequences if such conditions were violated. Accordingly, defense counsel's application to be relieved is granted and new counsel will be assigned to address any issues which the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys, supra*).

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ.,

concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.