◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON M. KINCH, Appellant. [789 NYS2d 770]—

Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 15, 2002, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the second degree.

The facts of this case are set forth in this Court's prior decision involving an application by defense counsel to be relieved of his assignment (2 AD3d 1064 [2003]). This Court withheld decision and assigned new appellate counsel based on the existence of potential issues of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]), specifically County Court's failure to administer warnings to defendant concerning the consequences of violating the conditions of his release pending sentencing (2 AD3d 1064 [2003], *supra*).

During plea proceedings, it was established that defendant would plead guilty to the reduced charge of reckless endangerment in the second degree in exchange for being placed on interim probation, the successful completion of which would result in him being afforded youthful offender status and being placed on probation for three years. If he did not successfully comply with the terms of interim probation, he could face up to a year in jail as a nonyouthful offender. Defendant was under some type of probation supervision pending the resolution of an unrelated justice court matter at the time of these plea proceedings, but the terms of that supervision were not set forth by County Court and are not contained in the record. Between the date of the plea and sentencing, defendant allegedly engaged in incorrigible behavior, including the use of marihuana, prompting the court to revoke his release and issue a bench warrant

for his arrest. The court proceeded with sentencing and, based on this alleged behavior, but without hearing any proof regarding these allegations, declined to afford defendant youthful offender status or impose interim probation, and instead sentenced him to 60 days in jail and three years' probation.

County Court erred in imposing a sentence on defendant different than that agreed to as part of the plea agreement without informing defendant that such a change in sentencing was possible. The court did not specifically advise defendant of the conditions he was required to satisfy during the time between his plea and sentencing in order to be assured youthful offender treatment, nor of the consequences of violating such conditions. The only admonishments given by the court at the time of the plea were for defendant to cooperate with the Probation Department in the preparation of the probation report, abide by a curfew, honor an order of protection and desist from using a restraining maneuver he had learned. No mention was made of complying with any existing conditions of probation supervision, of what any such conditions may be, or of abstaining from the activities which provided the basis for the revocation of his release. The court could not impose any sentence on defendant other than the one established during the plea agreement unless it either informed him at the time of his plea that it could impose a different sentence if he failed to meet specified conditions or it permitted him to withdraw his plea (*see People v Santiago*, 288 AD2d 404 [2001]; *People v Curcio*, 276 AD2d 639, 639 [2000]; *People v Milo*, 235 AD2d 552, 552 [1997]). Thus, we reverse the conviction and remit the matter for the court to impose the agreed-upon sentence or permit defendant to withdraw his plea.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.