■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. EMERSON, Appellant. [840 NYS2d 635]—

---

* Defendant, a second felony offender, received the minimum sentence for the crime to which he pleaded guilty.

Appeal from a judgment of the County Court of St. Lawrence County (Richard, J.), rendered August 28, 2006, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated as a misdemeanor.

In satisfaction of a three-count indictment, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated as a misdemeanor. During the plea proceedings, the parties indicated that defendant would be given an opportunity to participate in drug court treatment in order to secure a reduction of the aggravated unlicensed operation charge to a misdemeanor. County Court declined to make any other sentencing promises and admonished defendant to cooperate with the Probation Department in connection with the presentence investigation. The court did not advise defendant that he could not consume alcohol, or that the court would impose a different sentence if he consumed drugs or alcohol prior to sentencing. No conditions of presentence release appear in the record. As part of his presentence investigation interview, defendant acknowledged that he consumed marihuana and alcohol within three weeks prior to the sentencing date. At sentencing the court did not allow defendant to participate in the drug court program, instead imposing a sentence of 15 to 45 months in prison for aggravated unlicensed operation of a motor vehicle and one year in jail for driving while intoxicated, with the sentences to run concurrently. Defendant appeals.

Defendant was entitled to the benefit of his bargain. Although County Court did not commit itself to any particular sentence, in the context of this record such sentencing discretion only applied after defendant was permitted to participate in drug court treatment and either failed to complete the program or successfully completed the program and received a reduction of the aggravated unlicensed operation charge. Participation in drug court was a part of the plea bargain to which the court did commit itself, without placing presentence conditions on the imposition of that portion of the bargain. "The court could not impose any sentence on defendant other than the one established during the plea agreement unless it either informed him at the time of his plea that it could impose a different sentence if he

failed to meet specified conditions or it permitted him to withdraw his plea" (*People v Kinch*, 15 AD3d 780, 781 [2005] [citations omitted]). We therefore remit the matter to County Court to either order defendant to participate in drug court treatment as originally contemplated or permit him to withdraw his plea if the court will not authorize his participation in that program.

Mercure, J.P., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.