■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD K. BRUNING, Appellant. [846 NYS2d 467]—

Lahtinen, J. Appeal from a judgment of the County Court of Chenango County (Daley, J.), rendered June 8, 2006, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.

Defendant accepted an *Alford* plea with a promised jail sentence of between 10 to 13 years in full satisfaction of both the crime of which he had been indicted (a class B felony with a potential sentence of 25 years) and other alleged (unindicted) criminal conduct. As part of the deal, defendant agreed to waive his right to appeal. Defendant moved to withdraw his plea prior to sentencing alleging that the plea had been coerced. The motion was denied by County Court. At the time of sentencing, de-

fendant expressed his intent to pursue an appeal. County Court found that defendant's indication that he planned to appeal negated the plea agreement, and the court then sentenced him to 25 years in jail. Defendant appeals.

Finding merit in defendant's argument that County Court erred in increasing his sentence after he stated that he intended to appeal, we reverse. Initially, we note that defendant's right to challenge on appeal the voluntariness of his plea would have survived regardless of whether he otherwise waived his right to appeal (*see People v Lee*, 34 AD3d 982, 982 [2006]; *People v Sandlin*, 282 AD2d 833, 833 [2001], *lv denied* 96 NY2d 834 [2001]). Moreover, " '[t]he court could not impose any sentence on defendant other than the one established during the plea agreement unless it either informed him at the time of his plea that it could impose a different sentence if he failed to meet specified conditions or it permitted him to withdraw his plea' " (*People v Emerson*, 42 AD3d 751, 752-753 [2007], quoting *People v Kinch*, 15 AD3d 780, 781 [2005]; *see People v Donnelly*, 23 AD3d 921, 922 [2005]). County Court did neither. The matter must be remitted to County Court to either sentence defendant within the parameters of the plea agreement or permit him to withdraw his plea.

Since his argument regarding the voluntariness of his plea would be rendered academic in the event that he is offered and accepts the option of withdrawing his plea, we decline to address that issue within the context of the current appeal.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Chenango County for further proceedings not inconsistent with the Court's decision.