■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD VANDUSEN, Appellant. [853 NYS2d 437]—

Rose, J.

In satisfaction of an eight-count indictment stemming from a home invasion in the Town of New Berlin, Chenango County, defendant pleaded guilty to the crime of burglary in the first degree. However, at the sentencing hearing he expressed a desire to withdraw his plea of guilty because "[h]e [felt] that he was coerced into his plea when he was in front of the [c]ourt last time." In the absence of any further explanation of the request, County Court denied defendant's motion without a hearing and he was sentenced to, among other things, a term of imprisonment of 10 years. In addition, he orally waived his right to appeal at the time of his plea, and he affirmed the waiver both orally and in writing at the conclusion of his sentencing hearing. Contending that County Court erred in failing to conduct a searching inquiry following his assertion at the sentencing hearing that he felt he had been coerced, defendant appeals and we affirm.

Inasmuch as defendant affirmed his waiver of his right to appeal both orally and in writing following County Court's denial of his motion to withdraw, we find that his challenge to the extent of County Court's inquiry upon that motion to be precluded by his waiver. Although the underlying claim of coercion survives a valid appeal waiver (*see People v Bruning*, 45 AD3d 1179, 1180 [2007]), defendant challenges, as limited by his brief, only the trial court's decision to summarily deny the motion without a hearing. Such an argument is "addressed merely to the adequacy of the procedures the court used" in

deciding defendant's motion to withdraw and, therefore, it "may effectively be waived by a voluntarily and intelligently made agreement entered in connection with a sentence or plea bargain" (*People v Callahan*, 80 NY2d 273, 281 [1992]; *see People v Di Donato*, 87 NY2d 992, 993 [1996]; *People v Wright*, 256 AD2d 643, 646 [1998], *lv denied* 93 NY2d 880 [1999]).

In any event, were we to reach the merits, we would find defendant's argument to be unavailing. The record reveals that, once defendant's claim of coercion was advanced, County Court inquired of defense counsel as to the basis for this claim and, when no elaboration was offered, denied the motion. Considering that the record is barren of any evidence of coercion and defendant was afforded an opportunity to present his claim to the court, County Court's inquiry was adequate and its denial of defendant's motion was not an abuse of discretion (*see People v Fiumefreddo*, 82 NY2d 536, 543-544 [1993]; *People v Smith*, 270 AD2d 719, 720 [2000]; *People v Anderson*, 270 AD2d 509, 510 [2000], *lv denied* 95 NY2d 792 [2000]; *People v Stamps*, 268 AD2d 886, 888 [2000], *lv denied* 94 NY2d 925 [2000]; *People v Feliciano*, 242 AD2d 787, 787 [1997]).

In light of our conclusion, we need not reach defendant's double jeopardy argument.

Mercure, J.P., Peters, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.