■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKEEM MCMILLAN, Also Known as SHABBA, Appellant. [865 NYS2d 766]—

Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Clark, J.), rendered September 14, 2007, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

In December 2005, defendant was charged in an indictment with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Following the denial of his motion to suppress identification evidence, the matter proceeded to trial. On the day trial was scheduled to begin, defendant pleaded guilty to one count each of the crimes charged in the indictment, with the understanding that he would receive a sentence of lifetime probation if he cooperated with law enforcement officials, including the United States Attorney's office and any other law enforcement agency deemed necessary; otherwise he would receive, at a minimum, a sentence of 3¹/₂ years in prison. Notably, defendant executed a written waiver of his right to appeal.

After the United States Attorney's office showed no interest in defendant's cooperation, defendant conceded that he had agreed to cooperate with any law enforcement agency required, and indicated his willingness to cooperate with local authorities in order to satisfy the plea bargain. When defendant appeared for sentencing, however, the People indicated that he had failed to cooperate with law enforcement authorities. Defendant then moved to withdraw his plea. County Court denied the motion and sentenced defendant, as a second felony offender, to an aggregate term of 3¹/₂ years in prison to be followed by two years of postrelease supervision. Defendant appeals, and we now affirm.

Initially, we reject defendant's argument that his waiver of his right to appeal is invalid in light of the detailed, comprehensive written waiver that he executed when he entered his plea, as well as the colloquy in County Court further explaining the waiver at that time and defendant's reaffirmation of the waiver following the denial of his motion to withdraw his plea (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Robles*, 53 AD3d 686, 687 [2008]; *People v VanDusen*, 49 AD3d 1031, 1031-1032 [2008]; *People v Lewis*, 48 AD3d 880, 880-881 [2008]). Although defendant's challenge to the voluntariness of the plea survives his waiver of the right to appeal (*see People v Seaberg*,

74 NY2d 1, 10 [1989]; *People v Lewis*, 48 AD3d at 881), it is unpersuasive. A review of the record reveals that defendant confessed to the facts underlying the crimes and, as noted above, agreed to the condition that he cooperate with "law enforcement officials," including the United States Attorney's office and any other required law enforcement agency, in order to receive lifetime probation. Nevertheless, defendant failed to cooperate with authorities, despite the fact that his sentencing was postponed for approximately one year through multiple adjournments to allow him to meet the cooperation requirement. Under these circumstances, County Court properly denied defendant's motion to withdraw his plea—which was based upon his unsubstantiated claims that he was innocent, had no information to provide authorities, and did not understand that cooperation with the authorities was a required condition of the plea—and imposed a term of imprisonment in light of defendant's failure to comply with the terms of the plea agreement (*see People v Kirkland*, 53 AD3d 673, 674 [2008]; *People v Nicholson*, 50 AD3d 1397, 1398 [2008]; *People v Davis*, 30 AD3d 893, 895 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Walker*, 266 AD2d 727, 728 [1999], *lv denied* 96 NY2d 909 [2001]).

Defendant's remaining challenges to the severity of his agreed-upon sentence, the denial of his suppression motion and County Court's decision to resolve his motion to withdraw the plea without a hearing are precluded by his valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Robles*, 53 AD3d at 688; *People v VanDusen*, 49 AD3d at 1031-1032).

Cardona, P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.