■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ASHDOWN, Appellant. [875 NYS2d 624]—Malone Jr., J. Ap-

peal from a judgment of the Supreme Court (Ceresia, Jr., J.), rendered April 21, 2006 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

On July 9, 2005, in the City of Troy, Rensselaer County, defendant choked his daughter while she slept and then stabbed her multiple times with a knife. He was subsequently charged with attempted murder in the second degree. Defendant pleaded guilty, executed a written waiver of his right to appeal, and was sentenced to a term of imprisonment of 13 years to be followed by five years of postrelease supervision. Defendant now appeals.

The sole issue raised by defendant relates to his competence to stand trial. To the extent that it implicates the voluntariness of his plea, defendant's competence is an issue that would survive his valid waiver of appeal (*see People v Harrison*, 52 AD3d 969, 970 [2008], *lv denied* 11 NY3d 737 [2008]). Defendant, however, makes no argument regarding the voluntariness of his plea and instead argues only that Supreme Court abused its discretion in failing to, sua sponte, order a competency hearing. This claim does not survive defendant's plea and waiver of appeal, which we find to be valid (*see People v Collins*, 53 AD3d 932, 933 [2008], *lv denied* 11 NY3d 831 [2008]) and not to be controverted by defendant. Defendant's underlying claim amounts to a challenge to the procedures employed and the discretion of the trial court that " 'may effectively be waived by a voluntarily and intelligently made agreement entered in connection with a sentence or plea bargain' " (*People v VanDusen*, 49 AD3d 1031, 1031-1032 [2008], quoting *People v Callahan*, 80 NY2d 273, 281 [1992]). Accordingly, we decline to disturb the judgment of conviction.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed. [*See* 12 Misc 3d 836.]