# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1442**

**KA 08-02188**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

LORETTA JACKSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 7, 2008. The judgment convicted defendant, upon her plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]). We conclude that there is no merit to defendant's contention that her waiver of the right to appeal was invalid. "[T]he record establishes that County Court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Wright*, 66 AD3d 1334, *lv denied* 13 NY3d 912 [internal quotation marks omitted]). "Although the [further] contention of defendant that [she] was coerced into pleading guilty and thus that the plea was not voluntarily entered survives the waiver of the right to appeal, defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review" (*People v Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930). In any event, that contention lacks merit. "[I]t is well settled that '[a] defendant may not be induced to plead guilty by the threat of a heavier sentence if he [or she] decides to proceed to trial' " but, here, the statements and actions of the court during the pre-plea proceeding did not amount to impermissible coercion (*People v Boyde*, 71 AD3d 1442, 1443, *lv denied* 15 NY3d 747). Moreover, "defendant's fear that a harsher sentence would be imposed if defendant were convicted after trial does not constitute coercion" (*People v Newman* [appeal No. 1], 231 AD2d 875, *lv denied* 89 NY2d 944; *see Boyde*, 71 AD3d at 1443).

Defendant's contention that her plea was not knowing, intelligent

and voluntary because she did not recite the underlying facts of the crime "is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by the valid waiver of the right to appeal" (*People v McCarthy*, 83 AD3d 1533, 1534, *lv denied* 17 NY3d 819 [internal quotation marks omitted]).  Further, that challenge "is unpreserved for our review inasmuch as [she] did not move to withdraw the plea or to set aside the judgment of conviction on that ground" (*id.*; *see People v Lopez*, 71 NY2d 662, 665-666).  "In any event, there is no merit to defendant's challenge because 'there is no requirement that defendant recite the underlying facts of the crime to which [she] is pleading guilty' " (*McCarthy*, 83 AD3d at 1534).  " 'The record establishes that defendant admitted the essential elements of the . . . [crime,] and thus [her] factual allocution is legally sufficient' " (*People v Dorrah*, 50 AD3d 1619, *lv denied* 11 NY3d 736).  We also conclude that there is no merit to the contention of defendant that the court's temporary misidentification of her accomplice amounted to an error that rendered the plea allocution meaningless, inasmuch as defendant confirmed the actual identity of her accomplice at the court's prompting.

Finally, "[t]he contention of defendant that [she] was denied effective assistance of counsel survives the plea and waiver of the right to appeal only to the extent that '[she] contends that [her] plea was infected by the allegedly ineffective assistance and that [she] entered the plea because of [defense counsel's] allegedly poor performance' . . . We conclude, however, that defendant's contention lacks merit to that extent" (*People v Jacques*, 79 AD3d 1812, 1812-1813, *lv denied* 16 NY3d 896).  " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel' . . ., and that is the case here" (*People v Garner*, 86 AD3d 955, 956, quoting *People v Ford*, 86 NY2d 397, 404).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court