# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

976

KA 11-01058

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SHAWN ZIMMERMAN, DEFENDANT-APPELLANT.

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SHAWN ZIMMERMAN, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered April 27, 2011. The judgment convicted defendant, upon his plea of guilty, of kidnapping in the second degree and assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of kidnapping in the second degree (Penal Law § 135.20) and assault in the first degree (§ 120.10 [1]). Contrary to the contention of defendant in his main brief, his waiver of the right to appeal is valid. The record establishes that County Court " 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401, *lv denied* 10 NY3d 863; *see People v Korber*, 89 AD3d 1543, 1543, *lv denied* 19 NY3d 864; *cf. People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857). We have considered defendant's remaining contentions in his main brief with respect to the waiver of the right to appeal and conclude that they are without merit.

Defendant's contention in his main brief that the court erred in failing sua sponte to inquire into his state of intoxication at the time of the commission of the crime is actually a challenge to the factual sufficiency of the plea allocution, and it is well settled that defendant's valid waiver of the right to appeal encompasses that challenge (*see People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 733; *People v Grimes*, 53 AD3d 1055, 1056, *lv denied* 11 NY3d 789; *People v McKay*, 5 AD3d 1040, 1041, *lv denied* 2 NY3d 803). Defendant's

valid waiver of the right to appeal also encompasses the challenge in his main brief to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256).

The further contention of defendant in his main brief, pro se supplemental brief and pro se reply brief that the court erred in denying his motion to withdraw his plea of guilty is based on the "contention of defendant that the plea was not voluntarily entered[, and thus it] survives his waiver of the right to appeal" (*People v Poleun*, 75 AD3d 1109, 1109, *lv denied* 15 NY3d 923; *see People v Irvine*, 42 AD3d 949, 950, *lv denied* 9 NY3d 962). We conclude, however, that defendant's contention is without merit. "Permission to withdraw a guilty plea rests solely within the court's discretion . . ., and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053; *see People v Wolf*, 88 AD3d 1266, 1266-1267, *lv denied* 18 NY3d 863). Here, "[t]he court was presented with a credibility determination when defendant moved to withdraw his plea and advanced his belated claim[] of [intoxication] . . ., and it did not abuse its discretion in discrediting th[at] claim[]" (*People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). We reject defendant's further contention that a hearing was required on the motion. "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (*People v Tinsley*, 35 NY2d 926, 927; *see People v Strasser*, 83 AD3d 1411, 1411). The record establishes that defendant was afforded such an opportunity and that the court was able to make an informed determination of the motion.

In addition, although defendant's further contention in his main brief that his plea was not knowing, voluntary and intelligent because he was coerced into pleading guilty "survives his valid waiver of the right to appeal and he preserved that contention for our review" by moving to withdraw the plea (*People v Phillips*, 56 AD3d 1168, 1169, *lv denied* 11 NY3d 928), we reject that contention. Defendant contends that he was coerced because he had no choice but to accept the plea bargain offered by the People. Defendant is not entitled to the plea bargain of his choosing, and "defendant's fear that a harsher sentence would be imposed if defendant were convicted after trial does not constitute coercion" (*People v Newman* [appeal No. 1], 231 AD2d 875, 875, *lv denied* 89 NY2d 944; *see People v Jackson*, 90 AD3d 1692, 1693, *lv denied* 18 NY3d 958; *People v Boyde*, 71 AD3d 1442, 1443, *lv denied* 15 NY3d 747).

We have considered defendant's remaining contentions in his pro se briefs, and we conclude that they are without merit.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court