# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

892
KA 12-02195
PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHAZ J. GRIFFIN, ALSO KNOWN AS JOHN DOE, ALSO
KNOWN AS CHIZZLE, DEFENDANT-APPELLANT.

---

EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered October 3, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256). " 'Although County Court's colloquy was brief, defendant signed a detailed written waiver of the right to appeal . . . , and he acknowledged to the court that he understood that he was foregoing the right to appeal' " (*People v Bridenbaker*, 112 AD3d 1379, 1380). Defendant's valid waiver of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Gardner*, 101 AD3d 1634, 1634). In any event, defendant failed to preserve that challenge for our review, and this case does not fall within the narrow exception to the preservation requirement (*see People v Thomas*, 72 AD3d 1483, 1483).

Defendant's further contention that the court abused its discretion in denying his motion to withdraw his plea on the ground that it was coerced survives his valid waiver of the right to appeal (*see People v Jackson*, 85 AD3d 1697, 1698, *lv denied* 17 NY3d 817; *People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). We nevertheless reject that contention. " 'The unsupported allegations of defendant that [defense counsel] pressured him into accepting the plea bargain [did] not warrant vacatur of his plea' " (*People v James*, 71 AD3d 1465, 1465). Defendant asserted that he accepted the plea

offer based on defense counsel's advice that he was unlikely to prevail at trial and that he would likely receive a harsher sentence if convicted after trial. That advice does not constitute coercion (*see People v Elting*, 18 AD3d 770, 771, *lv denied* 5 NY3d 788). Furthermore, defendant admitted at sentencing that he pleaded guilty based on his fear that he would not succeed at trial and would receive a harsher sentence, and it is well settled that " 'defendant's fear that a harsher sentence would be imposed if defendant were convicted after trial does not constitute coercion' " (*People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015; *see People v Jackson*, 90 AD3d 1692, 1693, *lv denied* 18 NY3d 958).

Finally, although defendant's contention that defense counsel was ineffective for coercing him into accepting the plea agreement also survives his valid waiver of the right to appeal (*see People v Neil*, 112 AD3d 1335, 1336), that contention is without merit.

Entered: September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court