# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1246**
**KA 12-01350**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RALIK J. HAMILTON, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (PATRICK E. SWANSON OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T.
Ward, J.), rendered January 20, 2012.  The judgment convicted
defendant, upon his plea of guilty, of criminal possession of a
controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his
plea of guilty of criminal possession of a controlled substance in the
third degree (Penal Law § 220.16 [1]), defendant contends that County
Court erred in summarily denying his motion to withdraw his plea.  We
reject that contention.  "Permission to withdraw a guilty plea rests
solely within the court's discretion . . . , and refusal to permit
withdrawal does not constitute an abuse of that discretion unless
there is some evidence of innocence, fraud, or mistake in inducing the
plea" (*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053;
*see People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015).
" 'Only in the rare instance will defendant be entitled to an
evidentiary hearing; often a limited interrogation by the court will
suffice.  The defendant should be afforded [a] reasonable opportunity
to present his contentions and the court should be enabled to make an
informed determination' " (*Zimmerman*, 100 AD3d at 1362, quoting *People
v Tinsley*, 35 NY2d 926, 927).  Here, the court "was presented with a
credibility determination when defendant moved to withdraw his plea
and advanced his belated claims of innocence[,] . . . coercion" and
ineffective assistance of counsel, and the court did not abuse its
discretion in discrediting those claims (*People v Sparcino*, 78 AD3d
1508, 1509, *lv denied* 16 NY3d 746).  The record establishes that
defendant understood the consequences of his plea and that he was
pleading guilty in exchange for a negotiated sentence that was less
than the maximum term of imprisonment, and we thus conclude that the

plea was knowingly and voluntarily entered (*see People v Cubi*, 104 AD3d 1225, 1226-1227, *lv denied* 21 NY3d 1003).

We further reject defendant's contention that the plea colloquy was factually insufficient. Although defendant did not use the word "guilty" during the colloquy, he fully admitted to the conduct alleged in the superior court information constituting the crime of criminal possession of a controlled substance in the third degree (*see People v Sadness*, 300 NY 69, 73, *cert denied* 338 US 952; *cf. People v Bellis*, 78 AD2d 1014, 1014). Defendant's sentence is not unduly harsh or severe.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court