# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**277**
**KA 13-01947**
PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DAVID W. ROBERTS, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered March 18, 2013. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]). We reject defendant's contention that County Court abused its discretion in denying his motion to withdraw the guilty plea (*see People v Said*, 105 AD3d 1392, 1393, *lv denied* 21 NY3d 1019). "[D]efendant's conclusory and unsubstantiated claim of innocence is belied by his admissions during the plea colloquy" (*People v Garner*, 86 AD3d 955, 955). Contrary to defendant's further contentions, his fear of an unfair trial or the imposition of a longer sentence after trial do not constitute coercion (*see generally People v Jackson*, 90 AD3d 1692, 1693, *lv denied* 18 NY3d 958; *People v Dumpson*, 238 AD2d 802, 803, *lv denied* 90 NY2d 892; *People v Patrick*, 163 AD2d 84, 84, *lv denied* 76 NY2d 895).

Defendant's contention that the court's redaction of the presentence report (PSI) was inadequate is unpreserved for our review inasmuch as he did not raise the issue before the sentencing court (*see generally People v Gibbons*, 101 AD3d 1615, 1616). In any event, although the words in the paragraph that the court redacted remain visible, it is evident from the court's notation thereon that the paragraph was redacted and that the material is not available for use

against defendant (*cf*. *People v Howard*, 124 AD3d 1350, 1351).

Entered:  March 27, 2015                        Frances E. Cafarell
                                                Clerk of the Court