■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 13, 1987, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor acted improperly in asking the defendant's character witnesses whether their view of his reputation would change had they known that he carried a gun. A review of the record indicates, however, that no objections were made to these questions and, indeed, defense counsel asked similar questions of the witnesses. In these circumstances, this claim is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245).

The defendant's second contention is that the evidence was legally insufficient to support a conviction of criminal possession of a weapon in the second degree, since the defendant was not charged with murder on a theory of intent. However, Penal Law § 265.15 (4) provides that possession of certain enumerated weapons "is presumptive evidence of intent to use the same unlawfully against another". The record demonstrates that the defendant fired a number of shots from a gun in the victim's direction in an effort to scare him, the last of those shots striking and killing the victim. Nothing in the record suggests that the statutory presumption has been rebutted.

With respect to the defendant's third contention, it is well settled that the determination as to whether or not to grant youthful offender status rests within the discretion of the sentencing court (see, People v Polansky, 125 AD2d 342; People v Williams, 124 AD2d 615).' We discern no abuse or improvident exercise of discretion in the denial of youthful offender treatment in this case. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.