■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASANAS, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered October 27, 1988, convicting defendant, after jury trial, of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of imprisonment of from ten years to life and six years to life, respectively, unanimously affirmed.

At 2:00 A.M. on the morning of October 31, 1986, as he exited his van on Sedgwick Avenue, complainant was approached by defendant Jose Casanas and co-defendant Guadaloupe Cruz. Cruz pointed a gun at complainant, causing him to drop his bag containing personal property and to run to a nearby intersection where he entered a gypsy cab. Defendant immediately picked up complainant's bag and, together with co-defendant, walked towards the cab. Police officers on routine patrol arrived, and complainant jumped out of the cab screaming hysterically in Spanish and gesturing towards the two men who were walking away. As the officers, who had exited their patrol car, turned to follow them, the pair began to run. Defendant was stopped at gun point, and complainant's bag was recovered by the arresting police officer.

We find the evidence adduced at trial legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of both robbery in the first degree and criminal possession of a

weapon in the third degree *(People v Contes,* 60 NY2d 620, 621). The jury could rationally have concluded that complainant had been robbed at gunpoint by defendant and co-defendant, notwithstanding the fact that neither of the men had explicitly demanded money or property *(People v McDaniel,* 114 AD2d 336).

Similarly, the facts are legally sufficient to establish defendant's constructive possession of the weapon with which co-defendant was armed (Penal Law § 10.00 [8]). To the extent defendant and co-defendant employed the gun to provide the intimidation which induced complainant to relinquish his property, the jury justifiably could have inferred defendant's ability or intent to exercise dominion and control over the weapon. It was thus permissible for the jury to have concluded that co-defendant's display of the weapon was part of the original robbery plan rather than an unrelated spontaneous act which could not be attributed to defendant *(cf., People v Gwynn,* 53 AD2d 565, 566). With respect to the possession count, there is no merit to defendant's argument that he could not be convicted of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) absent evidence that he was aware that co-defendant's gun was loaded. The section does not require knowledge that the firearm is in fact "loaded", but mere possession of same and any question of knowledge present issues of credibility for the jury to resolve.

Complainant's gesturing together with defendant's and co-defendant's flight led the arresting police officer to believe that a crime had been committed, notwithstanding his inability to comprehend Spanish *(People v De Bour,* 40 NY2d 210).

Last, we perceive no error in the court's ruling permitting complainant to testify that he had told both the gypsy cab driver and the police officers that he had been robbed. Such testimony was not admitted for the truth asserted and, therefore, does not constitute hearsay *(see generally, People v Huertas,* 75 NY2d 487). Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.