■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Also Known as JAMES McCOY, Appellant.—Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered June 5, 1991, convicting defendant, after jury trial, of robbery in the second degree and grand larceny in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 4 to 8 years and 2 to 4 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt. The fact that the store manager, and a police officer who had chased another participant, were unable to positively identify defendant is explained by the fast-moving circumstances involved. The jury's acceptance of the identification of defendant, based upon the collective observations of a police officer and a bystander, who observed defendant running from the store area carrying stolen store merchandise and then discarding it during the police chase, is reasonable

and should not be disturbed by this Court *(see, People v Mosley,* 112 AD2d 812, 813-814, *affd* 67 NY2d 985). Similarly, any inconsistencies in the testimony of the police and the bystander were properly placed before the jury for determination. Such determination, not unreasonable, should not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

Defendant failed to make appropriate and timely objection to the trial court's jury charges that he now claims were erroneous, and thus failed to preserve the issues for appellate review as a matter of law (CPL 470.05). In any event, the trial court's jury charges, when viewed as a whole, conveyed the appropriate legal standards *(see, People v Hurk,* 165 AD2d 687, 688, *lv denied* 76 NY2d 1021). When considered within an acting in concert theory, the evidence of a crowd of youths running into a clothing store, pushing aside the store manager, knocking down and breaking up clothing displays, and then running out with a substantial portion of the store's inventory, justified the jury's conclusion that defendant shared his cohorts' intent to forcibly steal the merchandise *(see, People v Casanas,* 170 AD2d 257, 258, *lv denied* 77 NY2d 959).

We have considered defendant's additional arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.