■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENCESLAO TORIBIO, Appellant. [629 NYS2d 210] —Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered October 13, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 1½ to 4½ years and 1 to 3 years, respectively, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), defendant's guilt of criminal possession of a weapon in the second and third degrees was proven beyond a reasonable doubt. Under Penal Law § 265.15 (4), defendant's possession of the gun was presumptive evidence of his intent to use it "unlawfully against another", as required by Penal Law § 265.03 for second degree possession liability (*People v Lee*, 154 AD2d 399, 400, *lv denied* 75 NY2d 772), and the requisite intent was in any event inferable from the evidence that defendant removed the gun from his car, pulled back the slide which would chamber a round, and pointed it at someone in the crowd. Nor were the People required to prove that defendant knew that the gun was then loaded (*People v Ansare*, 96 AD2d 96, 97).

Defendant's argument that the court should have charged the jury on the law of temporary and lawful possession of a weapon is unpreserved for appellate review, and in any event without merit. Even under defendant's version of the incident, the elements of this defense were not established (*see*, *People v Karim*, 176 AD2d 670, 671, *lv denied* 79 NY2d 859). Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.