■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN E. SMITH, Also Known as DEVON STURGIS, Appellant. [705 NYS2d 423] —Mercure, J. P. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 6, 1999, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the third degree.

Prior to jury selection in the trial of an indictment charging defendant with criminal possession of a weapon in the third degree, defendant was arraigned on a new indictment charging him with two counts of criminal possession of a controlled substance in the third degree and defense counsel was permitted to view a videotape of the drug transaction which gave rise to the second indictment. After conferring with defense counsel, and based upon the assurance that he would be sentenced to concurrent prison terms of two years and 5 to 10 years, respectively, defendant entered a plea of guilty to the weapon possession charge and one count of the drug possession charge in satisfaction of both indictments. County Court thereafter denied defendant's motion to withdraw the plea and sentenced defendant to the agreed-upon concurrent terms. Defendant appeals.

Defendant argues that as a result of his statements during the allocution denying any knowledge that the gun was loaded, County Court erred in accepting his plea to the weapon possession charge. Assuming that defendant's argument has been preserved for our review (*see, People v Lopez*, 71 NY2d 662), we disagree. To support a conviction of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (4), it must be established that defendant knowingly possessed a loaded weapon (*see, People v Ford*, 66 NY2d 428, 440). Defendant admitted that he knowingly possessed a gun and that the gun was loaded, although he claims that he did not discover it was loaded until after he had given up possession of it. There is no requirement that defendant knew the weapon was loaded when he possessed it (*see, People v Toribio*, 216 AD2d 189, *lv denied* 87 NY2d 908; *People v Casanas*, 170 AD2d 257, *lv denied* 77 NY2d 959; *People v Ansare*, 96 AD2d 96).

With regard to defendant's motion to withdraw the plea, the record discloses that prior to accepting the plea, County Court advised defendant of the rights he would be waiving and defendant acknowledged that he understood those rights and was acting voluntarily with no coercion. Defendant freely admitted his guilt of the two crimes and, as a result of the plea bargain,

was assured of concurrent sentences that were considerably less than the harshest possible consecutive sentences that could have been imposed. In these circumstances, defendant's conclusory claims of innocence, coercion and/or ineffective assistance of counsel, which remained unsubstantiated despite the ample opportunity afforded by County Court to defendant and his attorney on the motion, provided no basis to vacate the plea (*see, People v Feliciano*, 242 AD2d 787; *People v Hudson*, 237 AD2d 759, *lv denied* 90 NY2d 1012).

Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.