■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PAULINO, Also Known as JUAN CARTAGENA, Appellant. [714 NYS2d 921] —Judgment unanimously affirmed (*see, People v Lococo*, 92 NY2d 825, 827). (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY BROOMFIELD, Appellant. [714 NYS2d 921] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). The conviction is supported by legally sufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, "[t]here is no requirement that defendant knew the weapon was loaded when he possessed it" (*People v Smith*, 270 AD2d 719). Further, the verdict is not against the weight of the evidence. Upon our review of the record, we cannot say that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley, supra*, at 495). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL HILL, Appellant. [714 NYS2d 922] —Judgment unanimously affirmed. Memorandum: Because Supreme Court did not advise defendant of the potential maximum period of incarceration at the time of his guilty plea, the waiver by defendant of the right to appeal does not encompass his contention concerning the severity of the sentence (*see, People v Cormack,* 269 AD2d 815; *People v Wynn,* 262 AD2d 1052). We conclude, however, that the sentence is neither unduly harsh nor severe. Defendant concedes that the testimony of the victim is legally sufficient to establish the amount of restitution ordered by the court, and we reject his further contention that the restitution ordered should be vacated as a matter of discretion in the interest of justice. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Attempted Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.