THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY L. BRANDON, Appellant. [870 NYS2d 659]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). We reject the contention of defendant that County Court erred in denying his request to charge criminal possession of a weapon in the fourth degree (§ 265.01 [1]) as a lesser included offense of criminal possession of a weapon in the third degree. The evidence establishes that defendant possessed a loaded firearm within the meaning of Penal Law § 265.00 (15), i.e., defendant possessed a firearm and ammunition used to discharge that firearm (see generally People v Ansare, 96 AD2d 96 [1983]). We thus conclude that there is no "reasonable view of the evidence which would support a finding that the defendant committed [the] lesser offense but did not commit the greater" (CPL 300.50 [1]). We reject the contention of defendant that the People were required to establish that he knew that the firearm was loaded (see People v Smith, 270 AD2d 719 [2000]; People v Toribio, 216 AD2d 189 [1995], lv denied 87 NY2d 908 [1995]). In any event, that contention lacks merit inasmuch as defendant testified that he knew that there were bullets in the ammunition clip.

Defendant failed to preserve for our review his further contention that the court should have charged criminal possession of a weapon in the fourth degree as a lesser included offense of criminal possession of a weapon in the second degree (*see People v Osorio*, 49 AD3d 562, 563 [2008]; *People v Taylor*, 226 AD2d 1101 [1996], *lv denied* 88 NY2d 1025 [1996], 89 NY2d 946 [1996]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.