■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON MELENDEZ, Appellant. [898 NYS2d 224]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered October 9, 2008, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, reversal is not required on the ground that the County Court improvidently exercised its discretion in failing to conduct an inquiry as to whether assignment of new counsel was warranted. Although defense counsel indicated, just prior to jury selection, that the defendant was not speaking to him or to his supervisor, the defendant did not request new counsel or complain about his counsel at that juncture. Under the circumstances of this case, there was no need for further inquiry in light of the County Court's proper denials of the defendant's two prior motions for substitution for the same defense counsel in which he failed to demonstrate the requisite "good cause" (*People v Medina*, 44 NY2d 199, 207 [1978] [internal quotation marks]; *see People v*

*Linares*, 2 NY3d 507, 510 [2004]), and in the absence of any subsequent request by the defendant for assignment of new counsel (*cf. People v Sides*, 75 NY2d 822, 824-825 [1990]).

The defendant's contention that the County Court improperly denied his request to charge criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [1]) as a lesser-included offense of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [3]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the contention is without merit. Although criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [1]) is a lesser-included offense of the subsection of criminal possession of a weapon in the second degree charged, there was no reasonable view of the evidence that the defendant committed the lesser, but not the greater, offense (*see People v Laing*, 66 AD3d 1353, 1355 [2009]).

Moreover, the County Court did not err in declining to charge the jury that the People were required to prove that the defendant had knowledge that the gun recovered from his person was loaded (*see People v Brandon*, 57 AD3d 1489, 1489 [2008]; *People v Broomfield*, 275 AD2d 885 [2000]; *People v Smith*, 270 AD2d 719, 719 [2000]; *People v Toribio*, 216 AD2d 189 [1995]; *People v Casanas*, 170 AD2d 257, 257 [1991]; *People v Ansare*, 96 AD2d 96, 97 [1983]).

The defendant's further contention that the admission of testimony regarding a 911 call of "shots fired" violated his rights to confrontation under the Federal and State constitutions is without merit since the content of the 911 call was nontestimonial in nature (*see People v Phillips*, 68 AD3d 1137 [2009]; *People v Conyers*, 33 AD3d 929 [2006]).

Contrary to the defendant's contention, the County Court did not impermissibly punish him for exercising his right to proceed to trial by imposing a sentence of 15 years imprisonment after he rejected a plea offer of five years (*see People v Zurita*, 64 AD3d 800, 801 [2009]; *People v Davis*, 27 AD3d 761, 762 [2006]; *People v Carillo*, 297 AD2d 288, 289 [2002]; *cf. People v Simmons*, 29 AD3d 1024, 1025 [2006]; *People v Cosme*, 203 AD2d 375, 376 [1994]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Skelos, Eng and Roman, JJ., concur.