■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON MIRABAL, Appellant. [23 NYS3d 245]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered March 13, 2013, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of nine years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that, although the pistol was actually wielded by the codefendant, defendant and the codefendant jointly possessed a pistol as an instrumentality of their joint criminal activity in threatening the victims (*see e.g. People v Casanas*, 170 AD2d 257, 258 [1st Dept 1991], *lv denied* 77 NY2d 959 [1991]). Among other things, the codefendant drew the pistol immediately after defendant announced that "we" were about to "pull something." To the extent defendant is also claiming that the court erred in failing to deliver a circumstantial evidence charge, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

Since defendant expressed complete satisfaction with the court's curative instruction and requested no further remedy, he failed to preserve his challenge to the prosecutor's summation (*see People v Heide*, 84 NY2d 943, 944 [1994]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal, because the curative instruction was sufficient to prevent any possible prejudice.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.