IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEONTA CARNEY, | § | |
| | § | |
| Defendant Below, | § | No. 28, 2023 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1910011637, |
| | § | 1910002022, and |
| Appellee. | § | 2009010583 (N) |
| | § | |

Submitted: March 19, 2024
Decided: June 3, 2024

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices, constituting the Court *en Banc*.

Upon appeal from the Superior Court of the State of Delaware. **AFFIRMED**.

Megan J. Davies, Esquire, Law Offices of Megan J. Davies, Wilmington, Delaware, *for Defendant Below, Appellant*.

Elizabeth R. McFarlan, Esquire, Delaware Department of Justice, Wilmington, Delaware, *for Appellee*.

**SEITZ**, Chief Justice:

A New Castle County grand jury indicted Deonta Carney for crimes arising from three separate incidents. At first, Carney rejected the State's plea offer to resolve all charges. He changed his mind the morning of trial in one of the cases after the victim appeared to testify. Before sentencing, he changed his mind again and through counsel moved to withdraw his guilty plea. The Superior Court denied his motion and sentenced Carney to thirteen years of unsuspended Level V time followed by decreasing levels of supervision.

Carney argues on appeal that the Superior Court exceeded its discretion when it denied his motion to withdraw his guilty plea. He contends that the court should have given more weight to his argument that, in one of the cases, he was "legally innocent" of the crime. We are unpersuaded by his argument and affirm the Superior Court's judgment.

## I.

On August 22, 2019, Angelo Flores met with a person identifying himself as "Dirt Bike Rob" to exchange dirt bikes.[1] The "Offer Up" app picture of Dirt Bike Rob did not match either of the individuals who appeared at the exchange.[2] After Flores went for a test ride, one of the individuals brandished a silver semi-automatic handgun, pointed the gun at Flores, and said he was taking both dirt bikes.[3] The

---

[1] App. to Appellee's Answering Br. at B3 (Arrest Warrant) [hereinafter "B__"].
[2] *Id.*
[3] *Id.*

other individual, whom Flores later identified as Carney, stole Flores's dirt bike and told the gunman to "Just shoot him."[4] The gunman did not shoot. Carney and the unidentified individual left with both dirt bikes.[5]

A New Castle County Grand Jury indicted Carney for the dirt bike robbery and other unrelated criminal conduct.[6] Carney rejected a plea offer that would have resolved all the pending charges and a violation of probation charge. When the trial was about to start for one of the cases, Carney learned that the State's out-of-state victim had appeared to testify. Carney decided to plead guilty and accepted the State's revised plea offer.[7] The revised plea offer resolved three open cases, including the August 2019 incident, and a violation of probation charge.[8]

After Carney signed a Plea Agreement and Truth-in-Sentencing Guilty Plea Form,[9] the Court conducted a plea colloquy. Relevant to this appeal, Carney admitted to the following facts relating to the Flores dirt bike robbery – on August

---

[4] B4.
[5] *Id.*
[6] (Case No. 1910011637A): Robbery Second Degree, Conspiracy Second Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Firearm/Ammunition by a Person Prohibited ("PFBPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Conspiracy Second Degree. App. to Appellant's Opening Br. at A1 [hereinafter "A__"]. (Case No. 1910002022): Robbery Second Degree, PFDCF, PFBPP, and Drug Dealing with an Aggravating Factor. A7. (Case No. 2009010583): Gang Participation, Conspiracy Second Degree, Disorderly Conduct, and Conspiracy Third Degree. A13.
[7] A29 ("This morning, Mr. Carney, after the victim showed up, expressed a desire to take a plea.").
[8] A41-A45. Carney pled guilty to five charges – two counts of Robbery Second Degree (as lesser included offenses of Robbery First Degree), two counts of PFBPP, Illegal Gang Participation and a violation of probation. A32–33. In exchange, the State agreed to drop all remaining charges. Unlike the first plea offer, the State no longer agreed to recommend a sentencing cap. *Id.*
[9] A33; A35.

22, 2019, during the course of committing a theft, he used or threatened to use force upon a victim; and also on August 22, 2019, having been previously convicted of a felony, he knowingly possessed or controlled a firearm.[10] The court informed Carney of the minimum mandatory and maximum possible penalties and the rights he was giving up by pleading guilty.[11] He agreed that he was not coerced to pleading guilty nor dissatisfied with his counsel.[12] The Court found the pleas to be knowingly, voluntarily and intelligently offered and accepted all pleas.[13]

Before sentencing, Carney filed a *pro se* Motion to Withdraw Guilty Plea. His attorney then filed the same motion on Carney's behalf.[14] The court appointed new defense counsel to pursue the motion. Carney argued that he was innocent of one of the firearm charges covered by the plea agreement and therefore he had a fair and just reason to withdraw his guilty pleas to multiple crimes.

The Superior Court denied the motion after it analyzed each of the factors that apply when the defendant has moved to withdraw a guilty plea before sentencing. First, the court found no procedural defects in the plea colloquy, and Carney's plea was entered into knowingly, intelligently, and voluntarily.[15] Second, the court decided that Carney had effective legal counsel throughout the proceedings, and

---

[10] A50-51.
[11] A39-44.
[12] A39.
[13] A53.
[14] *State v. Carney*, 2022 WL 17087057, at *2 (Del. Super. Ct. Nov. 18, 2022).
[15] *Id.* at *3.

granting the motion would prejudice the State.[16] Third, and central to this appeal, the Superior Court concluded that Carney did not have a basis to establish factual or legal innocence for the person prohibited charge in the dirt bike robbery case.[17] According to the court, although Carney did not hold the firearm during the robbery, there was sufficient factual basis to convict Carney of the firearms charge. The court determined that, because Carney had constructive possession of the firearm, he could have been convicted of the offense.[18] Further, the court held that "[t]he fact that the accomplice disobeyed Carney's command does not alter this conclusion, particularly in light of Carney's admission that he committed the offense when the Court questioned him."[19]

## II.

On appeal, Carney argues the trial court exceeded its discretion by denying the motion because the *Scarborough*[20] factors weighed in favor of a fair and just reason to withdraw his plea. In particular, he claims that the court failed to give the most weight to his legal innocence claim.[21] The State responds that the court "held a hearing on Carney's motion at which his prior counsel testified; ordered discovery

---

[16] *Id.* at *5–7.
[17] *Id.* at *4.
[18] *Id.* at *5.
[19] *Id.*
[20] *Scarborough v. State*, 938 A.2d 644 (Del. 2007).
[21] Opening Br. at 9 ("In weighing the *Scarborough* factors, most specifically the third factor as to legal innocence, the trial Court abused its discretion in its findings of fact and conclusions of law.").

5

be provided . . . ; received and considered briefing from the parties; and conducted the correct analysis by applying the proper standards under Criminal Rule 32(d) and addressing the *Scarborough* factors."[22]

In *Hernandez-Martinez v. State*, we set forth our standard of review when a defendant moves to withdraw a guilty plea prior to sentencing:

> We review the denial of a request to withdraw a guilty plea for abuse of discretion. When a motion to withdraw a guilty plea is made prior to sentencing, there is a lower threshold of cause sufficient to permit withdrawal because it protects the right of an accused to trial. Under Superior Court Criminal Rule 32(d), a pre-sentence plea may be withdrawn for "any fair and just reason." After sentencing, a plea may be set aside only by motion and under Rule 61.[23]

To assess a "fair and just reason," the court considers a list of non-exclusive factors, referred to as the *Scarborough* factors, any one of which can be outcome determinative – (i) whether there was a procedural defect in taking the plea; (ii) whether the defendant knowingly and voluntarily consented to the plea agreement; (iii) whether the defendant has a basis to assert legal innocence; (iv) whether the defendant had adequate legal counsel throughout the proceedings; and (v) whether permitting the plea withdrawal would prejudice the State or unduly inconvenience the court.[24]

---

[22] Answering Br. at 4.
[23] 308 A.3d 1192, 2023 WL 8254350, at *3 (Del. Nov. 29, 2023) (TABLE) (cleaned up).
[24] *Id.* at *3 n.30 (citing *Jones v. State*, 276 A.3d 1053, 2022 WL 1134744, at *2 (Del. Apr. 18, 2022) (TABLE)).

## III.

Carney does not challenge the procedural aspects of the plea colloquy or whether he entered the plea knowingly, intelligently, and voluntarily. As the Superior Court held, Carney "informed the court that he was satisfied with his attorney's representation" and "denied being forced into pleading guilty."[25] He stated that he understood all the terms of the plea agreement.[26] His counsel confirmed that Carney was prepared "to enter a knowing, voluntary and intelligent plea before the Court."[27]

Except as it relates to his innocence argument, Carney does not dispute that he had effective legal counsel throughout the proceedings. Rather than applying undue pressure on Carney to plead guilty, the Superior Court found that both attorneys gave him a realistic view of the strength of the State's case.[28] Carney's counsel acted within the bounds of reasonable representation by advising him of the risks in going to trial considering the evidence against him.

The Superior Court also held that allowing Carney to withdraw his plea would prejudice the State and unduly inconvenience the Court. The court observed that Carney agreed to plead guilty as a tactical matter when the victim appeared for trial.

---

[25] *Carney*, 2022 WL 17087057, at *3.
[26] *Id*.
[27] *Id*.
[28] *Id*. at *6-7.

7

To allow his plea to be withdrawn, the Superior Court concluded, "would reward his gamesmanship" and, in our view, create bad incentives in future cases.[29] His plea agreement also covered three cases and a violation of probation. The State would have to reopen all the cases and the violation of probation charge, not just the dirt bike theft case.

Turning to the *Scarborough* innocence inquiry, the Superior Court found that Carney's plea colloquy statements were inconsistent with his later innocence assertion. According to the court, it viewed "with skepticism Carney's newly discovered understanding that he was innocent of that charge all along."[30] And second, the court believed that "there was sufficient factual basis to convict Carney of PFBPP" during the dirt bike theft.[31]

At the outset we note that, under the *Scarborough* innocence factor, the trial court considers whether there is a "basis to assert" innocence. Although the Superior Court mischaracterized the inquiry by reviewing the sufficiency of the evidence rather than scrutinizing whether Carney had a basis to assert innocence, it does not affect the outcome. In our view, even if Carney had a basis to assert innocence, it was, as the Superior Court found, an exceedingly weak claim.[32]

---

[29] *Id*. at *75.
[30] *Id.* at *5.
[31] *Id.*
[32] *See Scarborough*, 938 A.2d at 649 ("Does [defendant] presently have a basis to assert legal innocence . . . ."). Although *Scarborough* speaks in terms of legal innocence, actual (factual)

8

Under the PFBPP statute, "Any person who has been convicted in this State or other jurisdiction of a felony," "[is] prohibited from purchasing, owning, possessing, or controlling a deadly weapon or ammunition for a firearm within the State."[33] A defendant must have actual or constructive possession of the firearm. To demonstrate constructive possession, the State must prove beyond a reasonable doubt that the defendant: "(1) knew the location of the gun; (2) had the ability to exercise dominion and control over the gun; and (3) intended to guide the destiny of the gun."[34] Although the "mere proximity to, or awareness of" a weapon does not alone establish constructive possession, "circumstantial evidence may prove constructive possession."[35]

According to Carney, the Superior Court's innocence analysis was flawed "because the evidence demonstrates that the defendant did not have the ability, at the

---

innocence, if asserted, should also be considered by the court in a plea withdrawal motion. *See, e.g.*, *Hernandez-Martinez*, 2023 WL 8254350, at \*5 (noting that the Superior Court did not adequately examine defendant's factual basis for legal innocence); *Jones v. State*, 276 A.3d 1053, 2022 WL 1134744, at \*3 (Del. Apr. 18, 2022) (TABLE) (rejecting defendant's "take on the facts of the case"). One author has summarized the distinction between actual and legal innocence:

> A defendant seeking relief based on legal innocence, or "legal insufficiency," contends that the prosecutor has failed to produce sufficient evidence at a criminal trial to establish guilt beyond a reasonable doubt. Conversely, a defendant seeking relief based on actual innocence contends that he or she did not commit the crime alleged, regardless of the judge or jury's finding of legal innocence. Unlike a legal innocence, actual innocence focuses entirely on the factual predicate of the offense. Matthew Aglialoro, *A Case for Actual Innocence*, 23 CORNELL J.L. & PUB. POL'Y 635, 639 (2014) (citations omitted).

[33] 11 *Del. C.* § 1448 (a)(1).

[34] *Lecates v. State*, 987 A.2d 413, 426 (Del. 2009).

[35] *Id.*

time, to exercise control over the weapon."[36]  Carney claims that "[t]he fact that the defendant could not instruct his accomplice on how to use the weapon demonstrates that the defendant did not have the ability to exercise control over the firearm."[37]

The Superior Court was not outside the bounds of its discretion by affording little, if any, weight to the *Scarborough* innocence factor.  First, Carney admitted in his plea colloquy that he was pleading guilty to "possession of a firearm by a person prohibited" and "did knowingly possess or control a firearm."[38]  And second, although Carney did not hold the weapon, the joint criminal activity with his accomplice was sufficient to establish constructive possession.[39]  Carney and his accomplice executed the robbery.  Carney's accomplice brandished a handgun, pointed the gun at the victim, and said he was taking the dirt bike.  Carney stole the dirt bike while telling his accomplice "Just shoot him."  Even though Carney's accomplice did not shoot the victim, Carney instructed him to use the weapon, and the weapon was instrumental in carrying out the theft.  Given these facts, the

---

[36] Opening Br. at 10.

[37] *Id*. at 11.

[38] A50-51.

[39] *Stevenson v. State*, 181 A.3d 631, 2018 WL 1136524, at \*2 (Del. Mar. 1, 2018) (TABLE) ("Possession of an object 'may be the joint possession of two or more [persons] acting in concert.'") (citing *Lecates*, 987 A.2d at 423); *Flamer v. State*, 227 A.2d 123, 127 (Del. 1967) ("An 'exclusive possession' may be the joint possession of two or more acting in concert").

Superior Court appropriately discounted Carney's innocence claim when weighing the *Scarborough* factors.[40]

## IV.

The Superior Court did not exceed its discretion when it found that Carney did not present a fair and just reason to withdraw his guilty plea under Superior Court Criminal Rule 32(d). We affirm the Superior Court's judgment.

---

[40] *See People v. Watson*, No. 338110, 2019 WL 3315168, at *9 (Mich. Ct. App. July 23, 2019) (joint possession where defendant and his accomplice "were working together—[accomplice] held the gun while defendant relieved the victim of his property and cash."); *People v. Mirabal*, 23 N.Y.S.3d 245, 246 (N.Y. App. Div. 2016) (holding that, although the pistol was actually wielded by the codefendant, defendant and the codefendant jointly possessed a pistol as an instrumentality of their joint criminal activity in threatening the victims); *People v. Casanas*, 566 N.Y.S.2d 7, 8 (N.Y. App. Div. 1991) (finding constructive possession of a weapon possessed by codefendant during armed robbery, as they employed the gun to intimidate the victim).