THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHAPMAN, Appellant. [810 NYS2d 766]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 20, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Pursuant to the terms of the plea agreement, defendant was placed in a drug treatment program and was advised that, if he successfully completed the program, the current charge against him would be dismissed. Defendant was also advised that, if he failed to complete the program "for whatever reason," he would be sentenced on the conviction to a maximum term of incarceration of 1 to 3 years. Although defendant completed the program, he failed to pay the service fee of $201. The program administrators therefore would not permit a discharge summary to be generated for Supreme Court, and records of the drug treatment program indicated that defendant was "out" of the program for nonpayment of the service fee.

We conclude that the court abused its discretion in denying the motion of defendant to withdraw his plea of guilty and in sentencing defendant to a term of probation of five years. In support of the motion, defendant asserted that he had completed the drug treatment program and in addition had otherwise complied with all other terms of the plea agreement. It is well settled that, "[w]hile the decision to allow a defendant to

withdraw a plea of guilty generally rests in the sound discretion of the trial court . . . [,] a plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Jackson*, 272 AD2d 342, 342-343 [2000]; *see People v Selikoff*, 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]). Here, the payment of the service fee in order to complete the drug treatment program was not a condition of the plea agreement. We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court to afford defendant the opportunity to withdraw his plea or to honor its promise to dismiss the charge. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.