■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP LEWIS, Appellant. [844 NYS2d 474]—

Crew III, J. Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered June 30, 2003, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered February 3, 2006, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Defendant was indicted and charged with criminal possession of a weapon in the third degree. Pursuant to a plea bargain, defendant pleaded guilty to attempted criminal possession of a weapon in the third degree with the understanding that he would be sentenced, as a persistent violent felony offender, to the minimum available sentence of four years to life. Following entry of the plea, it was discovered that defendant was not a persistent violent felony offender but, rather, a second violent felony offender. Consequently, County Court sentenced defendant to a prison term of four years, the maximum sentence available for a second violent felony offender, together with five years of postrelease supervision. Defendant thereafter moved, pursuant to CPL 440.20, to set aside his sentence. County Court denied that motion without a hearing, and defendant now appeals from the judgment of conviction and the denial of his CPL article 440 motion.

It is axiomatic that where, as here, a sentencing court is unable to honor its sentencing commitment, thus depriving the defendant of the benefit of his or her plea bargain, the defendant should be afforded the opportunity to withdraw his or her plea (*see e.g. People v Torres*, 45 NY2d 751, 753 [1978]; *People v Varnum*, 291 AD2d 724, 725 [2002]). Accordingly, we reverse the judgment of conviction and remit this matter for that purpose.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment and order are reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.