■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WISNIEWSKI, Appellant. (Appeal No. 1.) [908 NYS2d 781]—

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 15, 2009. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree and offering a false instrument for filing in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35) and offering a false instrument for filing in the first degree (§ 175.35) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of grand larceny in the second degree (§ 155.40 [1]). Pursuant to the plea agreement, sentencing would be deferred for eight months to allow defendant the opportunity to pay $60,000 in restitution. In the

event that defendant tendered that amount at or prior to sentencing, he would be sentenced to a term of probation upon the further condition that he pay the balance of the restitution owed within five years. We agree with defendant in each appeal that Supreme Court erred in imposing the prison alternative pursuant to the plea agreement, inasmuch as defendant did not violate the terms thereof. An implicit term of the plea agreement was that defendant would remain at liberty from the time of the plea until sentencing to enable him to earn or otherwise obtain $60,000 in restitution. Defendant was apprehended on a bench warrant and returned to custody approximately five months after his plea was entered based on his failure to appear at a status conference and a presentence investigation interview. Defendant's presence at the conference and the interview, however, was not a condition of the plea agreement (*see generally People v Chapman*, 27 AD3d 1180 [2006]; *People v Johnson*, 48 AD2d 643 [1975]). The court revoked bail without conducting any inquiry to determine whether defendant intentionally violated a condition of his plea agreement, and defendant remained in custody until sentencing. Defendant thus did not receive the promised eight months in which to earn $60,000 in restitution, and it cannot be said that he violated the terms of the plea agreement.

We therefore modify the judgment in each appeal by vacating the sentence, and we remit each matter to Supreme Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea. In light of our determination, we do not address defendant's remaining contentions. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.