Lahtinen, J.P.
Appeal from a judgment of the County Court of Broome County (Cowley Jr., J.), rendered July 25, 2012, which revoked defendant’s probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to two counts of attempted burglary in the second degree and was sentenced in January 2010 to an aggregate term of five years of probation. Thereafter, in August 2010, defendant was charged with violating his probation and, at the violation hearing in September 2010, defendant entered an admission to the violation pursuant to the promise that if he successfully completed a long-term drug rehabilitation program, he would be restored to probation. At a subsequent hearing before County Court in June 2012, defendant’s probation officer reported that he had successfully completed the required drug rehabilitation program. However, as defendant had subsequently tested positive for opiates again, he was not restored to probation but, rather, released to participate in a short-term rehabilitation program. Defendant was arrested shortly thereafter on unrelated charges and, following another hearing and based upon his admission to the violation of probation in September 2010, the court sentenced him to an aggregate term of two years in prison followed by two years of postrelease supervision. Defendant now appeals.
We agree with defendant that County Court erred in imposing a prison sentence based upon his August 2010 violation of probation. “[Wjhere a guilty plea has been induced by an unfulfilled promise, the plea must be vacated or the promise must be honored” (People v Dame, 100 AD3d 1032, 1034 [2012], lv denied 21 NY3d 1003 [2013]; see People v Lopez, 51 AD3d 1210, 1211 [2008]). Here, in exchange for defendant’s admission to the August 2010 violation of probation, County Court promised to restore him to probation upon the successful completion of a long-term rehabilitation program. Although *1250 there is no dispute that defendant successfully completed the program, the court nonetheless sentenced him to a prison term based upon that admission. Accordingly, where defendant was not afforded the benefit of his bargain, the matter must be remitted to County Court to either restore defendant to probation or permit him the opportunity to withdraw his admission to the violation (see e.g. People v Lewis, 45 AD3d 898, 899 [2007]; People v Emerson, 42 AD3d 751, 752 [2007]; People v Chapman, 27 AD3d 1180, 1180-1181 [2006]).
McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court’s decision.